UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:24-cr-00441-MC |
| v. | INFORMATION |
| **J.H. BAXTER & CO., INC.,**<br>**J.H. BAXTER & CO., A CALIFORNIA**<br>**LIMITED PARTNERSHIP, and**<br>**GEORGIA BAXTER-KRAUSE,** | 42 U.S.C. § 6928(d)(2)(A)<br>42 U.S.C. § 7413(c)(1)<br>42 U.S.C. § 6928(d)(3) |
| **Defendants.** | |

THE UNITED STATES ATTORNEY CHARGES:

**Statutory and Regulatory Overview**

**A.    The Resource Conservation And Recovery Act**

1. Congress passed the Resource and Conservation Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.*, to minimize the threat to human health and the environment from hazardous waste. 42 U.S.C. § 6901 *et seq*. The regulations promulgated pursuant to RCRA set forth a variety of requirements with respect to the management of hazardous waste from its generation to its ultimate disposal. A cornerstone of the statute is a requirement to obtain a permit and to be in compliance with that permit for any facility which treats, stores (beyond a prescribed period of time), or disposes of hazardous waste.

2. To be "hazardous waste," a material must be both solid waste and hazardous. 42 U.S.C. § 6903(5). The term "solid waste" includes, inter alia, any garbage, refuse, or discarded material from industrial or commercial operations and expressly includes liquids, semisolids, and

contained gaseous materials. 42 U.S.C. § 6903(27). A "discarded material" is any material that is abandoned, recycled, or inherently waste-like. 40 C.F.R. § 261.2(a)(2).[1] A waste may be deemed "hazardous" under RCRA if it appears on a list of wastes already deemed hazardous, 40 C.F.R. §§ 261.31 to 261.33, or if it exhibits one of four characteristics of hazardous wastes: flammable, toxic, corrosive, or explosive. 40 C.F.R. §§ 261.21 to 261.24.

3.  RCRA defines the term treatment, in relevant part, as "any method, technique, or process . . . designed to change the physical, chemical, or biological character or composition of any hazardous waste so as . . . to render such waste . . . safer for transport, amenable for recovery, amenable for storage, or reduced in volume." 42 U.S.C. § 6903(34).

4.  The following types of wastes from the wood preservation process have been listed as hazardous wastes pursuant to RCRA:

    a.  wastewaters, process residuals, preservative drippage, and spent formulations from wood preserving processes generated at plants that currently use or have previously used chlorophenolic formulations, listed as F032 waste;

    b.  wastewaters, process residuals, preservative drippage, and spent formulations from wood preserving processes generated at plants that use creosote formulations, listed as F034 waste; and

    c.  wastewaters, process residuals, preservative drippage, and spent formulations from wood preserving processes generated at plants that use inorganic preservatives containing arsenic or chromium, listed as F035 waste.

---

[1] Because authorized state programs operate in lieu of the federal programs under RCRA, 42 U.S.C. § 6926(b), the federal government enforces the applicable state law or regulation. The State of Oregon has been authorized to administer the RCRA hazardous waste program, since 1986. 51 Fed. Reg. 3779; see 86 Fed. Reg. 54894 (for subsequent updates and approvals). Accordingly, all references to the C.F.R. in this document are to the C.F.R. as adopted by Oregon in Oregon Administrative Rule (OAR) 340.100.002.

40 C.F.R. § 261.31. Such wastes are considered hazardous based on their toxic constituents. 40 C.F.R. §§ 261.30 and 261.31.

**B.     The Clean Air Act**

5.      The purpose of the Clean Air Act is, among other things, "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1); *see also* 42 U.S.C. § 7470.

6.      Under to 42 U.S.C. § 7412(b)(1), Congress established an initial list of hazardous air pollutants, but directed the Environmental Protection Agency (EPA) to periodically review the list and, where appropriate, add pollutants which may present a threat of adverse human health effects or adverse environmental effects. 42 U.S.C. § 7412(b)(2).

7.      An air pollutant is considered hazardous if it causes or contributes to air pollution which may reasonably be anticipated to result in an increase in mortality, or an increase in serious irreversible or incapacitating reversible illness. 42 U.S.C. § 7412(a)(1).

8.      Congress further directed the EPA to establish emission standards for certain sources of hazardous air pollutants. 42 U.S.C. § 7412(d)(1). Such standards are commonly referred to the National Emission Standards for Hazardous Air Pollutants (NESHAP).

9.      EPA ultimately enacted NESHAPs for a wide variety of sources of hazardous air pollutants, including requirements for wood preservation facilities. See 40 C.F.R. Part 63, Subpart QQQQQQ.

10.     Pursuant to 40 C.F.R. § 63.6(e)(1), at all times, "the owner or operator must operate and maintain any affected source . . . in a manner consistent with safety and good air pollution control practices for minimizing emissions."

## COUNT 1
## 42 U.S.C. § 6928(d)(2)(A)
### (Illegal Treatment of Hazardous Waste)

11. The allegations contained in paragraphs 1 through 4 are realleged and incorporated by reference as though fully set forth herein.

12. Between at least on or about January 2, 2019, through on or about October 6, 2019, in the District of Oregon and elsewhere, defendants **J.H. BAXTER & CO., INC.** and **J.H. BAXTER & CO., A CALIFORNIA LIMITED PARTNERSHIP**, knowingly treated, and knowingly caused to be treated, listed hazardous waste, to wit: F032, F034, and F05 wastes, at its wood preservation facility, located in Eugene, Oregon, without a permit issued by the United States Environmental Protection Agency or the State of Oregon to treat such waste.

13. All in violation of Title 42, United States Code, Section 6928(d)(2)(A) and Title 18, United States Code, Section 2.

## COUNT 2
## 42 U.S.C. § 7413(c)(1)
### (Violation of Clean Air Act's National Emission Standards for Hazardous Air Pollutants)

14. The allegations contained in paragraphs 5 through 10 are realleged and incorporated by reference as though fully set forth herein.

15. Between at least on or about January 2, 2019, through on or about October 6, 2019, in the District of Oregon and elsewhere, defendants **J.H. BAXTER & CO., INC.** and **J.H. BAXTER & CO., A CALIFORNIA LIMITED PARTNERSHIP**, while owner and operator of a stationary source, namely, the defendants' wood processing facility located in Eugene, Oregon, knowingly violated, and knowingly caused to be violated, the Clean Air Act's National Emission Standards for Hazardous Air Pollutants for Wood Preserving Area Sources, in that the Defendant failed to operate its facility in a manner consistent with safety and good air pollution control practices for minimizing emissions as required by 40 C.F.R. § 63.6(e)(1).

16.     All in violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT 3
## 42 U.S.C. § 6928(d)(3)
## (RCRA False Statements)

17.     The allegations contained in paragraphs 1 through 4 are realleged and incorporated by reference as though fully set forth herein.

18.     On or about September 28, 2020, in the District of Oregon and elsewhere, defendant **GEORGIA BAXTER-KRAUSE** knowingly made a false material statement and representation in a record or other document filed, maintained, or used for purposes of compliance with regulations promulgated by the State of Oregon under the Resource Conservation and Recovery Act (RCRA), to wit: in response to an information request sent by the Oregon Department of Environmental Quality, regarding the practice of evaporating a listed hazardous waste, that is, process wastewater from J.H. BAXTER & CO.'s wood treatment process, in the wood treatment retorts at its facility, defendant **GEORGIA BAXTER-KRAUSE** stated:

> [J.H.] Baxter does not have specific dates when this practice occurred; it was a seasonal practice and occurred occasionally during the rainy season, primarily during heavy rain events when the holding tanks were at capacity.

In truth and in fact, as defendant **GEORGIA BAXTER-KRAUSE** knew on the date of that statement, J.H. BAXTER & CO. maintained detailed process logs for its retorts indicating that the evaporation of process wastewater occurred at the facility on approximately 136 days from at least January 2, 2019, through October 6, 2019.

19.     All in violation of Title 42, United States Code, Section 6928(d)(3).

/ / /

**COUNT 4**
**42 U.S.C. § 6928(d)(3)**
**(RCRA False Statements)**

20. The allegations contained in paragraphs 1 through 4 are realleged and incorporated by reference as though fully set forth herein.

21. On or about September 30, 2020, in the District of Oregon, defendant **GEORGIA BAXTER-KRAUSE**, knowingly made a false material statement and representation in a record or other document filed, maintained, or used for purposes of compliance with regulations promulgated by the State of Oregon under the Resource Conservation and Recovery Act, to wit: in response to an information request sent by the Oregon Department of Environmental Quality, defendant **GEORGIA BAXTER-KRAUSE** stated that, other than retort 81, "[n]o other retorts were used" to evaporate a listed hazardous waste, that is, process wastewater from J.H. BAXTER, & CO.'s wood treatment process, at its facility. In truth and in fact, as defendant **GEORGIA BAXTER-KRAUSE** knew on the date of that statement, the evaporation of process wastewater occurred in retorts 81, 82, 83, and 85 at the J.H. BAXTER & CO. facility.

22. All in violation of Title 42, United States Code, Section 6928(d)(3).

Dated: November 22, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

TODD KIM
Assistant Attorney General

*/s/ William M. McLaren*
WILLIAM M. McLAREN, OSB #143836
Assistant United States Attorney

*/s/ Rachel M. Roberts*
RACHEL M. ROBERTS
Trial Attorney, Environmental Crimes Section

*/s/ Karla G. Perrin*
KARLA G. PERRIN
Special Assistant United States Attorney

*/s/ Stephen J. Foster*
STEPHEN J. FOSTER
Trial Attorney, Environmental Crimes Section